IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80233 CIV-MARRA / JOHNSON

STEPHEN RENFROW
REGINA CAMPBELL, husband and wife,

    Plaintiffs,

vs.

FIRST MORTGAGE AMERICA, INC.;
THE FINANCIAL GROUP, INC.;
WASHINGTON MUTUAL BANK f/k/a
WASHINGTON MUTUAL BANK, F.A.;
UNKNOWN OWNERS OF THE EVIDENCE OF
THE DEBT and/or OWNERS OF THE NOTE,

    Defendants.
_____/

## PLAINTIFFS' INTERROGATORIES TO WASHINGTON MUTUAL AND FDIC

Plaintiffs, STEPHEN RENFROW and REGINA CAMPBELL, serve their interrogatory requests numbered 1 through 4 pursuant to Fed.R.Civ.P. 33 and requests that Defendants WASHINGTON MUTUAL and FDIC respond within the time prescribed by Fed.R.Civ.P. 33.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. mail to Steven Ellison, Esq., Broad and Cassel, 1 North Clematis Street, Suite 500, West Palm Beach, FL 33401 on December 10, 2009.

    LAW OFFICES OF WILLIAM H. PINCUS
    324 North Lakeside Court
    West Palm Beach, Florida 33407
    Telephone:   561-868-1340
    Facsimile:   561-366-1310
    E-mail: rcurrier@whpincuslaw.com

    By: _____
        Romin N. Currier
        Florida Bar No. 566985

## INSTRUCTIONS FOR RESPONDING

1.  In response to these inquiries and requests, you are required to furnish all information and/or documents that are available to you or subject to your reasonable inquiry including information and/or documents in the possession, custody, or control of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control.

2.  In responding to these inquiries and requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representative.

3.  In responding to these inquires and requests, you are to furnish all information within your control as well as within your possession. If information and/or documents are not within your possession but are within your control, in the same sense that it is had by a person who has business relationships or contractual relationships with you or any other person with whom you normally deal and would have no difficulty in a business sense in making any request for such information, then you are required to make reasonable efforts to obtain the information and/or documents and include it with your response.

4.  If an individual inquiry or request has subparts, respond to each part separately and in full, an do not limit your response to the request as a whole. If any individual inquiry or request cannot be responded to in full, respond to the extent possible.

5.  If any of the individual inquiries or requests is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual inquiry or request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the request is unduly burdensome and stating whatever information and knowledge you have of the information and/or documents called for in the request; and (generally) an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular request.

6.  If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

    a.  The name and title or position of the author and/or sender of the document;

    b.  The name and title or position of each and every person to whom the document was sent;

    c.  The name and title or position of each and every person to whom the document was sent;

    d.  The date of the document;

      e.    A brief description of the subject matter and length of the document and/or each attachment, appendix and exhibit thereto;

      f.    The name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and

      g.    The name and title or position of each person on whose behalf the privilege is asserted.

7. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiries and request herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both as the case may be, all to <u>the end that the interpretation applied results in the more expansive production</u>.

8. Each interrogatory question seeks information available to Defendants, Washington Mutual, FDIC, their attorneys or agents, and all persons acting in their behalf. Accordingly, as used herein, the term "Defendant", "you" and "your" refer without limitation to Defendants, Washington Mutual, FDIC, their attorneys and agents, and all persons acting on their behalf.

## INTERROGATORIES

1. Please state the name, address, telephone number and position of the person answering these Interrogatories.

2. Please state if the note to Renfrow's property was sold or otherwise transferred and, if so, the name, address and telephone number of the entity to whom the note had been sold or transferred.

3. Identify all persons that have knowledge of the facts relevant to this case and identify each person(s) name, address and telephone number.

4. For each person identified in #3 above, set forth in detail the facts known by each.

## SIGNATURE NOTARIAL ATTESTATION

THE ATTACHED Interrogatories have been answered by me and are true and correct to the best of my knowledge.

Dated at _____ County, Florida this _____ day of _____, 2009.

_____
Corporate Representative

STATE OF FLORIDA        )
                        ) ss.
COUNTY OF PALM BEACH    )

Sworn to and subscribed before me by _____, on this _____ day of _____, 2009, who is personally known to me or has produced _____ as identification and who did/did not take an oath.

NOTARY PUBLIC,
State of Florida at Large
My commission expires: