IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80233 CIV-MARRA / JOHNSON

STEPHEN RENFROW
REGINA CAMPBELL, husband and wife,

      Plaintiffs,

vs.

FIRST MORTGAGE AMERICA, INC.;
THE FINANCIAL GROUP, INC.;
WASHINGTON MUTUAL BANK f/k/a
WASHINGTON MUTUAL BANK, F.A.;
UNKNOWN OWNERS OF THE EVIDENCE OF
THE DEBT and/or OWNERS OF THE NOTE,

      Defendants.
_____/

## NOTICE OF SERVING PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

      Plaintiffs, STEPHEN RENFROW and REGINA CAMPBELL, serve their Request for Production pursuant to Fed.R.Civ.P. 36 and requests that Defendants respond within the time prescribed by Fed.R.Civ.P. 36.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. mail to Steven Ellison, Esq., Broad and Cassel, 1 North Clematis Street, Suite 500, West Palm Beach, FL 33401 on December 10, 2009.

LAW OFFICES OF WILLIAM H. PINCUS
324 North Lakeside Court
West Palm Beach, Florida 33407
Telephone:   561-868-1340
Facsimile:   561-366-1310
E-mail: rcurrier@whpincuslaw.com

By: _____
      Romin N. Currier
      Florida Bar No. 566985

## INSTRUCTIONS FOR RESPONDING

1  In response to these inquiries and requests, you are required to furnish all information and/or documents that are available to you or subject to your reasonable inquiry including information and/or documents in the possession, custody, or control of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control.

2  In responding to these inquiries and requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representative.

3. In responding to these inquires and requests, you are to furnish all information within your control as well as within your possession. If information and/or documents are not within your possession but are within your control, in the same sense that it is had by a person who has business relationships or contractual relationships with you or any other person with whom you normally deal and would have no difficulty in a business sense in making any request for such information, then you are required to make reasonable efforts to obtain the information and/or documents and include it with your response.

4. If an individual inquiry or request has subparts, respond to each part separately and in full, an do not limit your response to the request as a whole. If any individual inquiry or request cannot be responded to in full, respond to the extent possible.

5. If any of the individual inquiries or requests is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual inquiry or request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the request is unduly burdensome and stating whatever information and knowledge you have of the information and/or documents called for in the request; and (generally) an attempt will be made to rephrase the request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular request.

6. If you withhold any response (or portion of a full response) to any inquiry or request on the basis of a privilege, identify the privilege claimed (including reference to the statute, rule or decision which is claimed to give rise to the privilege) and describe the general topic of the information you claim to be privileged to the extent possible in a manner consistent with the claimed privilege. If the information as to which privilege is claimed is contained in a document, identify each such document, stating where applicable:

    a.  The name and title or position of the author and/or sender of the document;

    b.  The name and title or position of each and every person to whom the document was sent;

    c.  The name and title or position of each and every person to whom the document was sent;

    d.  The date of the document;

    e.    A brief description of the subject matter and length of the document and/or each attachment, appendix and exhibit thereto;

    f.    The name and title or position of each and every person having knowledge of the factual basis on which the privilege is asserted; and

    g.    The name and title or position of each person on whose behalf the privilege is asserted.

7. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiries and request herein: (i) the singular shall include the plural and the plural shall include the singular; (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders; and (iii) the words "and" and "or" shall be read in the conjunctive or disjunctive or both as the case may be, all to the end that the interpretation applied results in the more expansive production.

8. Each request seeks information available to Defendants, their attorneys or agents, and all persons acting on their behalf. Accordingly, as used herein, the term "Defendant", "you" and "your" refer without limitation to Defendants, their attorneys and agents, and all persons acting on their behalf.

## REQUEST FOR PRODUCTION

1. All documents pertaining to the sale and/or transfer of the note on the Renfrow property that is the subject of this lawsuit to another entity.

2. All documents relating to the closing of the Renfrow property that is the subject of this lawsuit including all notices and disclosures that were provided to Plaintiffs, good faith estimates, all HUD statements, all mortgage docs provided to Plaintiffs.

3. Copies of all payments made on the subject note by Plaintiffs.

4. All correspondence from Defendants to Plaintiffs that pertain to financing and purchase of the subject property.

5. All correspondence from Plaintiffs to Defendants regarding financing and subsequent purchase of subject property.

6. All correspondence between the parties subsequent to the closing date.

7. All documents signed by the parties at the closing.