IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| STEPHEN RENFROW, ) <br> REGINA CAMPBELL, husband and wife ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> FIRST MORTGAGE AMERICA, INC., d/b/a ) <br> THE FINANCIAL GROUP, INC.,   et al., ) <br>   ) <br> Defendants. ) <br> _____) | Case No.9:08-cv-80233-KAM <br> [ Kenneth A. Marra, Pres.] |

**PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD PARTY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Stephen Renfrow and Regina Campbell ("Plaintiffs"), by and through their undersigned attorney, pursuant to Federal Rules of Civil Procedure 7, 15, 16(b), and 19, hereby move to the Court for leave to file a Second Amended Complaint and to add parties, JPMorgan Chase and Federal Home Loan Mortgage Corporation. In support thereto, Plaintiffs assert as follows:

1.      On or about April 9, 2010, the Court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16. (Doc. 48.)  That order set a deadline of May 21, 2010, for adding parties and amending pleadings.  (Doc. 48 at 2.)

2.      "Where a party's motion to amend is filed after the deadline for such motions, . . . the party must show good cause why leave to amend the complaint should be granted.  In the event that good cause for an untimely amendment is shown, the Federal Rules of Civil Procedure provide that, prior to trial, the district court should

freely give leave to amend the complaint when justice so requires." *Lamothe v. Bal Harbour 101 Condo. Ass'n*, 316 Fed. Appx. 844, 846-847 (11th Cir. 2008) (internal quotations and citations omitted). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *cf. Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").

3. In this case, Plaintiffs seek to add the servicer of a Promissory Note (JPMorgan Chase) and the holder of the real property mortgage (Federal Home Loan Mortgage Corporation) because Plaintiffs did not become aware of the identities of those parties until after the deadline for amendments had passed. Plaintiffs diligently sought to learn the identities of those parties through discovery, but Defendant FDIC would not and did not disclose their identities until after the Court entered an Order (Doc. 50) granting Plaintiffs second Motion to Compel (Doc. 49), after the Court sanctioned FDIC for failing to Comply with the Order granting the Motion to Compel (Doc. 53), and after the deadline for filing amendments had passed. A brief summary of the timeline of events showing Plaintiffs' diligence and good cause for amendment arising from Defendant FDIC's refusal to timely respond to discovery inquiries and this Court's order (Doc. 50) follows.

4. On or about March 21, 2008, Plaintiffs (acting *pro se*) filed a four-count Amended Complaint (Doc. 4) seeking rescission of a mortgage loan for, among other reasons, violations of the Truth-In-Lending-Act ("TILA"), 15 u.s.c. § 1601 et. seq. Among the original Defendants were Washington Mutual Bank ("WaMu") and

2

"Unknown Owners of the Evidence of the Debt and/or Owners of the Note", which Plaintiffs intended to mean the current Note holder and servicer if those persons were entities other than WaMu.

5. Plaintiffs subsequently learned that Defendant FDIC had become a Receiver for WaMu, timely filed a Motion to Substitute Parties (Doc. 26), and obtained an Order (Doc. 27) from the Court on January 28, 2009, granting the Motion to Substitute Parties.

6. On or about October 15, 2009, an attorney filed a Notice of Appearance on behalf of Plaintiffs. Less than two months later, on December 10, 2009, Plaintiffs served FDIC with their First Interrogatories. Requests and Responses are attached hereto as **Exhibit "A."** The Interrogatories were targeted at identifying the current holder of the mortgage and the loan servicer because they are necessary parties as the relief sought is rescission of the loan.

7. By the end of December 2009, Plaintiffs' counsel had obtained a Consumer Forensic Mortgage Audit Analysis performed by "Certified Forensic Consultants", and said report indicated a number of improprieties associated with the subject loan and mortgage, including but not limited to TILA violations for misrepresenting the costs of the closing and failing to disclose required information.

8. The FDIC failed and refused to identify the current holder of the mortgage, and Plaintiffs were ultimately required to file Motions to Compel (Docs. 41, 42, 43, 49).

9. On May 12, 2010, this Court entered an Order compelling FDIC to provide better responses to the interrogatory requests by May 22, 2010. (Doc. 50.) FDIC

did not provide better responses or otherwise identify the note holder and loan servicer by the May 21, 2010, deadline for pleading amendments or by May 22, 2010, as the Court had ordered. Consequently, the Court entered an Order (Doc. 53) sanctioning FDIC for its non-compliance with the Court's prior discovery Order.

10. On June 14, 2010—more than six (6) months after Plaintiffs served Defendant FDIC with Interrogatories—FDIC finally identified the servicer of the Note as well as the holder of the mortgage. *See* Amended Answer to Plaintiffs' First Set of Interrogatories attached hereto as **Exhibit "B."** In its response, FDIC identified the servicer of the Note (JPMorgan Chase) and the holder of the mortgage (Federal Home Loan Mortgage Corporation) for the first time.

11. Plaintiffs had no way of obtaining this information prior to FDIC's disclosure through discovery, after multiple motions to compel.

12. Less than ten (10) days after FDIC's disclosure, on June 22, 2010, Plaintiffs' filed a Motion to Amend to Add Parties.

13. While the deadline for adding new parties had passed, Plaintiffs requested that this Court grant Plaintiffs' Motion to Amend to Add JPMorgan and Federal Home Loan Mortgage Corporation.

14. The failure to add these parties prior to the deadline was not the fault of Plaintiffs, and Plaintiffs made every effort to obtain this information in a timely manner. Upon learning of their identities, Plaintiffs diligently filed their Motion to Amend.

15. Plaintiffs' rights will be prejudiced if they are not given the opportunity to add the new parties as JPMorgan and Federal Home Loan Mortgage Corporation are now responsible for the deficiencies of Washington Mutual – the original holder of the note.

Further, they are indispensible parties to a suit for rescission of the subject Note and Mortgage. *See Cracowaner v. Worthington*, 135 So. 304, 305 (1931) (stating in a suit for rescission of a real estate sale, "The Dowling Company was a necessary party to the bill as it was the owner of the notes and mortgage although they had been pledged as collateral security with the First Trust & Savings Company."); *see also Coral Realty Co. v. Peacock Holding Co.*, 103 Fla. 916, 922, 138 So. 622, 624-25 (1931) (en banc) (in a suit to rescind a real estate sale, stating "[T]he rights of persons who have an interest in the subject matter of the litigation, whether legal or equitable, cannot be adjudicated or affected by a decree rendered in a suit to which they were not made parties. Furthermore, the Court cannot adjudicate directly upon the rights of necessary and indispensable parties, without having them actually or constructively before it.") (citations omitted); *Palm v. Taylor*, 929 So.2d 566, 567 (Fla. 2d DCA 2006) ("[I]n a suit to reform a written instrument, all persons interested in the subject matter of the litigation, whether their interest be legal or equitable, should be made parties, so that the court may settle all rights at once thereby preventing a multiplicity of suits.") (quoting *Bevis Constr. Co. v. Grace*, 115 So.2d 84, 85 (Fla. 1st DCA 1959)); *Allman v. Wolfe*, 592 So.2d 1261, 1262-63 (Fla. 2d DCA 1992) (holding that assignors of a contract for deed are indispensable parties to a suit for rescission of the contract even though there may be no claims against the assignors or disputed material facts as to the assignors); *Bermudez v. Bermudez*, 421 So.2d 666, 667-68 (Fla. 3d DCA 1982) (holding that all parties who have an interest in real property must be made a party before a complete adjudication of rescission can be made); *Carter v. Howarth*, 285 So.2d 442, 443 (Fla. 1st DCA 1973) ("[A]ll persons materially interested in the subject matter of a suit should be made parties thereto and that

all persons whose rights or interests may be affected by the cancellation of an instrument are proper and necessary parties . . . ."); *Coast Cities Coaches, Inc. v. Whyte*, 130 So.2d 121 (Fla. 3d DCA 1961) (reversing summary judgment for rescission of sale of stock in an action brought by the company where the seller of the stock was not a party to the suit). The Florida Supreme Court recently explained:

> An indispensable party is one whose interest in the controversy makes it impossible to completely adjudicate the matter without affecting either that party's interest or the interests of another party in the action. *Hertz Corp. v. Piccolo*, 453 So.2d 12, 14 n.3 (Fla. 1984) (describing indispensable parties as ones so essential to a suit that no final decision can be rendered without their joinder); *Bastida v. Batchelor*, 418 So.2d 297, 299 (Fla. 3d DCA 1982) ("An indispensable party [is] one without whom the rights of others cannot be determined."). As we stated in *Oakland Properties Corp. v. Hogan*, 96 Fla. 40, 117 So. 846, 848 (Fla. 1928) (quoting *Indian River Mfg. Co. v. Wooten*, 48 Fla. 271, 37 So. 731, 731 (Fla. 1904) (syllabus)):
>
>> The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of the suit, must be made parties either as complainants or defendants, so that a complete decree may be binding upon all parties.
>
> The Fourth District elaborated on this rule in *Phillips v. Choate*, 456 So.2d 556, 557 (Fla. 4th DCA 1984) (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139) (1855), where it defined an indispensable party as one whose interest in the controversy is of "such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

*Fla. Dept. of Revenue v. Cummings*, 930 So.2d 604, 607 (Fla. 2006). Thus, the holder of a Note is an indispensable party to a suit where rescission of the Note is sought because a rescission claim cannot be completely adjudicated without affecting the holder's interest.

6

16. In this case, the servicer is also an indispensible party. The *pro se* Amended Complaint indicates:

   a. That the advertised loan rate was 1%; (Doc. 4, ¶¶ 18, 60)

   b. That the mortgage broker told plaintiff that the loan would not be fixed at 1%, but that it would be an Adjustable Rate Mortgage (ARM) with a 1.25% margin; (Doc. 4, ¶¶ 21, 60)

   c. That the loan contract differed from the broker's representations in that it contained a 2.5% margin; (Doc. 4, ¶ 31, 60) and

   d. That the actual rate being charged, as indicated by the servicer's monthly statements, was 2.53%. (Doc. 4, ¶¶ 31, 59-60.)

It is unclear to plaintiffs whether the servicer unilaterally increased the rate and has been skimming the excess interest or whether the note owner directed the servicer to unilaterally increase the interest rate on Plaintiffs. Further, Plaintiffs reasonably believe that the servicer has insurance or tax monies in escrow—all of which must be returned to Plaintiffs if they are successful in seeking rescission. The servicer would be a necessary party to such action as it may have monies that were never given to the note's owner, monies which must be returned to Plaintiffs, and the servicer may dispute the amounts of such sums but can only do so if it is made a party to this suit.

17. Further, loan servicers may have liability under RESPA, *see* 12 U.S.C. § 2605 (c), (e), (f), and may be liable for unfair and deceptive trade practices if it calculates and/or collects incorrect amounts, *see Sundance Apts. I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp. 2d 1215 (S.D. Fla. 2008).

18.     The loan servicer and loan owner would be properly joined under Federal Rule of Civil Procedure 20 as there are common issues of fact, such as what the actual interest rate should be, what was collected, and who kept the excess, which if litigated in multiple suits would give rise to the possibility of inconsistent judgments.

19.     In light of Defendant FDIC's concealment and failure to disclose the identities of the Note holder and servicer until after the deadline to amend the pleadings and add parties and Plaintiffs' diligent attempts to discover their identities, Plaintiffs have shown good cause to modify the scheduling order (Doc. 48.).

20.     "In the event that good cause for an untimely amendment is shown, the Federal Rules of Civil Procedure provide that, prior to trial, the district court should freely give leave to amend the complaint when justice so requires." *Lamothe v. Bal Harbour 101 Condo. Ass'n*, 316 Fed. Appx. 844, 846-847 (11th Cir. 2008). "Leave to amend should be liberally granted when necessary in the interest of justice," Fed. R. Civ. P. 15(a), and . . . "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *W.R. Huff Asset Management Co. v. Kohlberg*, 209 Fed. Appx. 931, 934 (11th Cir. 2006) (reversing district court's denial of plaintiff's motion to file a fourth amended complaint) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)). "In deciding whether to permit joinder, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Mabry v. N.Y. City Dep't of Corr.*, 2008 U.S. Dist. LEXIS 17283, *10-11 (S.D.N.Y. Mar. 7, 2008) (string cite omitted). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

. . . , [and] futility of amendment." *Burger King*, 169 F.3d at 1319 (citation omitted); *see also Mabry*, 2008 U.S. Dist. LEXIS 17283, *11 ("joinder will be permitted absent undue delay, bad faith, prejudice, or futility").   While a district court's denial of leave to amend a complaint is ordinarily reviewed for abuse of discretion, the decision is reviewed de novo if the reason for the denial is futility.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

WHEREFORE, Plaintiffs respectfully requests that this Court enter an Order granting them leave to amend the pleadings and add new parties.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 31, 2010, I electronically served the foregoing via ECF system to the Clerk of the Court, 400 North Miami Avenue, 8th Floor South, Miami, Florida 33128; Steven Ellison, Esquire, Broad and Cassel, Attorney for FDIC as Receiver of WaMu, 1 North Clematis Street, Suite 500, West Palm Beach, Florida 33401; and by U.S. Mail to First Mortgage America, Inc., 1606 East Lake Drive, Ft. Lauderdale, Florida 33316.

/s/  R. David McLaughlin
R. David McLaughlin, Esquire
Florida Bar No.:  29232
R. David McLaughlin, P.A.
1583 E. Silver Star Rd. #214
Ocoee, Florida 34761
(407) 222-2969 - Telephone
(407) 614-3604 - Facsimile
E-Mail:  David-McLaughlin@cfl.rr.com