UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80233-CIV-MARRA/JOHNSON

STEPHEN RENFROW,
REGINA CAMPBELL, husband and wife,

    Plaintiffs,

vs.

FIRST MORTGAGE AMERICA, INC., d/b/a
THE FINANCIAL GROUP, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant JP Morgan Chase's ("Chase") Motion to Dismiss Plaintiff's Complaint (DE 89). The motion is fully briefed and ripe for review. The Court has carefully considered the briefs and is fully advised in the premises.

## Background

According to the allegations of the Second Amended Complaint ("SAC") (DE 80), which for purposes of this motion the Court must accept as true, Plaintiffs own property in Port St. Lucie, FL (DE 80, ¶ 13). They refinanced their home loan with First Mortgage America, Inc., d/b/a the Financial Group, Inc., in May 2005 (DE 80, ¶ 23). The Financial Group immediately assigned or sold the loan to Washington Mutual at closing (DE 80, ¶ 28). The subject loan was serviced at all material times by Washington Mutual or Chase, and Federal Home Loan Mortgage Corporation ("FHLMC") became the successor in interest to Washington Mutual during the pendency of the action (DE 80, ¶¶ 40, 45).

Plaintiffs allege that Defendants, which include First Mortgage America, Inc., d/b/a the Financial Group, Inc., Washington Mutual Bank, and the unknown holders of the evidence of the debt and/or owners of the note, "utilized and profited from false advertising, bait-and-switch tactics, and fraudulent loan practices by hiding loan terms, padding the loan with extra charges, substantially changing the interest rate margin, and not complying with full disclosure laws." (DE 80, ¶ 30). Plaintiffs allege several causes of action against Chase, including quiet title (Count I), violation of the Truth in Lending Act ("TILA") (Count II), unfair and deceptive trade practices ("FDUPTA") (Count III), violation of the Fair Debt Collection Practices Act ("FDCPA")(Count V), and violations of § 494.0025, Florida Statutes (Count VII).

In its motion to dismiss, Chase first argues that the claims against it are barred by the purchase and assumption agreement it signed with the Federal Deposit Insurance Corporation ("FDIC") on September 25, 2008. (DE 89). With regard to the Quiet Title and TILA claims, Chase asserts that Plaintiffs have failed to state a cause of action because they failed to allege the ability to tender the loan proceeds back to the lender. With regard to the FDUPTA claim, Chase contends that it is a national bank and is therefore exempt from a FDUPTA cause of action. With regard to the FDCPA claim, Chase argues that it is not a debt collector pursuant to the federal and Florida statutes because Plaintiffs failed to allege that the loan was in default at the time Chase obtained it. With regard to the alleged violation of Fla. Stat. § 494.0025, Chase contends that Plaintiffs failed to identify a single act that constituted a violation of that statute.

In response, Plaintiffs argue that the purchase and assumption agreement is not part of the record, and therefore it cannot be considered as a basis for dismissing the SAC. Plaintiffs also argue that, even if that agreement is considered, nothing in the agreement relieves Chase from

liability for its own conduct that occurred on or after September 25, 2008.  With regard to the Quiet Title claim, Plaintiffs assert that Chase only addressed the remedy of rescission in its motion, and failed to address quiet title as an equitable remedy for the alleged illegal conduct. Plaintiffs believe that they stated adequate grounds to void the mortgage or quiet title, which they claim the Court may do without rescinding the note.  With regard to the Quiet Title and TILA claims, Plaintiffs argue that Chase misunderstands the procedure for rescission under TILA and Regulation Z.  Plaintiffs also assert that there are no mandatory pleading requirements for these claims.  With regard to FDUPTA claim, Plaintiffs assert that Chase is not identified as a national bank in the complaint.  With regard to the FDCPA claim, Plaintiffs argue that the statute applies to loan servicers and that they sufficiently alleged that Chase was a loan servicer by stating that Washington Mutual most likely sent statements to collect amounts exceeding the contractual interest rate.  Plaintiffs similarly contend that § 559.72, Florida Statutes, is not limited to debt collectors who begin their services after a loan is in default.  Finally, Plaintiffs assert that, with regard to the claim under Fla. Stat. § 494.0025, they have fulfilled the pleading requirements to state a valid claim.

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

3

(quoting *Twombly*, 550 U.S. at 570). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

Chase's primary argument is that it signed a purchase and assumption agreement with the FDIC on September 25, 2008, and as a result, all of Plaintiffs' claims are barred by that agreement. The purchase and assumption agreement was not attached to Plaintiffs' SAC, nor was it expressly mentioned in the SAC. Chase argues that the Court may take judicial notice of the purchase and assumption agreement because it is a public record. *See Bryant v. Avado Brand, Inc.*, 187 F.3d 1271, 1280-81 (11th Cir. 1999)(on a motion to dismiss, the district court can take judicial notice of documents required to be filed and actually filed with the Securities and Exchange Commission without converting the motion to one for summary judgment). The Court, however, is not convinced that the purchase and assumption agreement falls within the category recognized by the Eleventh Circuit Court of Appeals as one of which this Court can take judicial notice on a motion to dismiss. First, to this Court's knowledge, the purchase and assumption agreement is not one that was required by law to be filed with the FDIC. It only appears to be one that the FDIC placed on its website so that members of the public can have access to it. *See also* Fed. R. Evid. 803(8). Additionally, the document was not mentioned by Plaintiffs in the SAC, and therefore is not essential to Plaintiffs claims. Rather, it appears to be a matter of defense. Moreover, Plaintiffs have alleged acts by Chase which can be construed to

4

have occurred subsequent to the effective date of the purchase and assumption agreement. *See* SAC ¶¶ 40, 43, 65, 68, 69, 79, 80 & 81. Thus, even assuming the Court was to consider the agreement, it would not completely preclude Plaintiffs claims to the extent they relate to alleged wrongful actions of Chase taken after the agreement was entered into.

Because, at the very least, Plaintiffs have alleged that Chase took wrongful actions after the execution of the purchase and assumption agreement, the SAC cannot be dismissed based on the agreement. The Court can later resolve whether the agreement precludes any claims that are based on acts that occurred before the purchase and assumption agreement was executed.

### COUNT I–Quiet Title and COUNT II–Violation of the Truth in Lending Act

With regard to the Counts I and II, Chase argues that Plaintiffs have not properly alleged the facts necessary to support a cause of action for rescission. Chase has not cited any binding authority that requires a plaintiff to allege the ability to tender the loan proceeds to the lender in order to state a claim under the act. The Court will not dismiss Counts I or II at this juncture. However, because restoring the parties to the *status quo ante* is an element of a rescission claim, Plaintiffs will have to prove the ability to tender the loan proceeds in order to prevail on this claim.

### COUNT III–Violation of the Unfair and Deceptive Trade Practices Act

In Count III, Plaintiffs allege Unfair and Deceptive Trade Practices against Chase pursuant to the Florida Statutes. Section 501.212(4), Florida Statutes, states, in part, that the section does not apply to "(b) Banks and savings and loan associations regulated by the Office of Financial Regulation of the Financial Services Commission" or to "( c) Banks or savings and loan associations regulated by federal agencies." § 501.212(4), Fla. Stat. Chase argues that it is

5

a national bank that falls within the ambit of the statutory exceptions. Plaintiffs counter-argue that the entity identified by the SAC was not "JP Morgan Chase Bank, NA," but rather "J.P. Morgan Chase & Co., a Delaware Corporation." A Florida court has interpreted the statutory exceptions as follows, "[n]othing in FDUTPA suggests that bank subsidiaries, affiliates or agents are necessarily exempt from FDUTPA." *Bankers Trust Co. v. Basciano*, 960 So.2d 773, 779 (Fla.App.Ct. 2007). Plaintiffs are correct that the Court cannot make a factual determination at this time as to whether the Chase entity named as a defendant in the SAC is actually a national bank that falls within the statutory exceptions. Thus, Count III shall not be dismissed.

### COUNT V–Violation of the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act

The next issue is whether Chase is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"). Pursuant to the FDCPA, 15 U.S.C. § 1692(a)(6)(F) specifies that the term "debt collector" does not include,

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . .

15 U.S.C. § 1692(a)(6)(F). Plaintiffs did not allege that the loan was in default at the time that Chase obtained an interest in the loan. Plaintiffs argue, however, that Chase is brought within the definition of "debt collector" by virtue of the following language in § 1692(a)(6):

> (6) . . . Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term ["debt collector"] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of **section 1692f(6)** of this title, **such term also includes any person who uses any instrumentality of interstate commerce or the mails in any**

> **business the principal purpose of which is the enforcement of security interests** . . . .

15 U.S.C. § 1692(a)(6). (emphasis added)

Plaintiffs' reliance upon the clause "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" is misplaced. This clause applies to § 1692f(6), which relates to someone "[t]aking or threatening to take nonjudicial action to effect dispossession or disablement of property" and not to § 1692(a)(6)(F), which is the section upon which Chase relies. Therefore, Plaintiffs have not properly alleged that Chase falls within the definition of "debt collector" under the FDCPA. *See Bentley v. Bank of America, N.A.,* 2011 WL 1097452 *2 (S.D. Fla. March 23, 2011.

Similarly, Chase argues that it is not a debt collector under the Florida Consumer Collection Practices Act ("FCCPA"). While the definition of "debt collector" in § 559.55(6) of the Florida Statutes tracks the definition in the FDCPA, § 559.72 of the Florida Statutes, provides that "in collecting consumer debts, no **person** shall" engage in the prohibited conduct. § 559.72, Fla. Stat. (emphasis added). Courts have held that § 559.72 is not limited to claims against "debt collectors" since the statute contains the word "person." *See Bentley, supra,* at *3(citing *Schauer v. General Motors Acceptance Corp.*, 819 So.2d 809, 812 (Fla. 4th DCA 2002)). Chase has not challenged Plaintiffs argument that § 559.72, Fla. Stat., applies to it, and to the extent Chase contends that it is not covered under the Florida State statute, that contention is rejected.

On the other hand, Plaintiffs do not make specific allegations regarding Chase's violation of § 559.72, Fla. Stat. Plaintiffs simply allege that "WaMu and Chase are debt collectors who

violated the Florida Fair Debt Collection Practices Act, §§ 559.55-559.785, Florida Statutes, by collecting amounts from Plaintiffs that were not authorized by the underlying agreement in violation of § 559.72." (DE 80, ¶¶ 80). This is a conclusory allegation. The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant has fair notice of what the plaintiff is claiming and the grounds for the claim. *Twombly*, 550 U.S. at 555. The Court finds that Plaintiffs have not given fair notice to Chase of what specific subsection of § 559.72, Fla. Stat. they claim was violated or how the acts alleged in the SAC constitute violations of the statute. Therefore, Count V relating to a violation of the FCCPA will be dismissed without prejudice.[1]

### COUNT VII–Violations of § 494.0025, Florida Statutes

Finally, Chase argues that Count VII was inadequately pled because Plaintiffs did not allege the acts which constituted "prohibited conduct" under § 494.0225, Florida Statutes. The court agrees. Plaintiffs merely incorporated paragraphs 40 - 42 of the SAC by reference and assert that this, taken in conjunction with their reference to the statute, is sufficient. (*See* DE 80, ¶¶ 91-92). The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant has fair notice of what the plaintiff is claiming and the grounds for the claim. *Twombly*, 550 U.S. at 555. While there is no heightened pleading requirement here, Chase is correct that Plaintiffs did not sufficiently allege how the acts alleged in paragraphs 40-42 constitute violations of the statute. Therefore, Count VII will be dismissed without prejudice.

---

[1] The Court also notes that Plaintiffs have alleged a violation of § 559.715, Florida Statutes, in the SAC (DE 80, ¶¶ 81). There is no separate cause of action for violation of this statute. *See Pack v. Unifund CCR Partners, G.P.*, 2008 WL 686800, *2 n.2 (M.D. Fla. 2008).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Chase's Motion to Dismiss Plaintiff's Complaint (DE 89) is **DENIED IN PART and GRANTED IN PART WITHOUT PREJUDICE** as set forth in this Opinion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 13th day of June, 2011.

KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record